UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD MICHAEL PORTER,

        Petitioner,                  Case No. 1:15-cv-367

v.                                           Honorable Robert J. Jonker

DAVID FENBY,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner is currently on parole after serving a term of 2 to 7 ½ years, imposed by the Chippewa County Circuit Court on October 28, 2010, after Petitioner pleaded no contest to being a prisoner in possession of contraband, contrary to MICH. COMP. LAWS § 800.281(4). Petitioner was sentenced as a habitual offender–second offense, MICH. COMP. LAWS § 769.10. In his *pro se* petition, Petitioner raises two grounds for relief, as follows:

    I.    TRIAL COUNSEL WAS INEFFECTIVE FOR ADVISING PETITIONER TO ACCEPT A PLEA OFFER WHERE COUNSEL INCORRECTLY ADVISED PETITIONER THAT HE STOOD NO CHANCE OF ACQUITTAL BECAUSE THE PROSECUTOR DID NOT HAVE TO PROVE THAT PETITIONER KNEW OF THE CONTRABAND OR HAD ACTUAL PHYSICAL CONTROL OVER THE CONTRABAND UNDER A THEORY OF CONSTRUCTIVE POSSESSION.

    II.    PETITIONER IS ACTUALLY/FACTUALLY INNOCENT OF THE CRIME OF PRISONER IN POSSESSION OF CONTRABAND. PETITIONER'S PLEA OF NOLO CONTENDERE WAS INVOLUNTARY AND THE JUDGMENT OF CONVICTION WAS ENTERED WITHOUT DUE PROCESS OF LAW, AS PETITIONER'S ATTORNEY AND THE TRIAL

COURT REFUSED AND FAILED TO ADVISE HIM OF THE ELEMENTS OF PRISONER IN POSSESSION OF CONTRABAND TO WHICH HE PLEAD [SIC].

(Pet., 17-44, ECF No. 1, PageID.16–44.) Respondent has filed an answer to the petition (ECF No. 11) stating that the grounds should be denied. Upon review and applying the AEDPA standards, I recommend that the petition be denied.

## Procedural History

### A. Trial Court Proceedings

Petitioner was accused of possessing heroin and a weapon while serving a state sentence for the commission of a prior felony. Petitioner was arraigned on April 6, 2010, and a pretrial hearing was held on May 20, 2010. At the pretrial hearing, the trial court granted a request for a two week adjournment so that Petitioner could consider a possible plea agreement. (5/20/10 Pretrial Hr'g Tr. 3, ECF No. 12-3, PageID.194.) On July 1, 2010, Petitioner pleaded no contest to being a prisoner in possession of contraband, in violation of MICH. COMP. LAWS § 800.281(4). In exchange for the plea, the prosecutor dismissed the second charge of possession of a weapon under MICH. COMP. LAWS § 800.283(4) and agreed to reduce Petitioner's habitual offender status from four to two, MICH. COMP. LAWS § 769.10. (Plea Tr. 3, ECF No. 12-4, PageID.198.) Under the agreement, Petitioner's counsel entered a plea of no contest to count 1 and being a second habitual offender on Petitioner's behalf. (Plea Tr. 8-9, PageID.203–204.) Petitioner's counsel stated that the plea was no contest, rather than guilty, because Petitioner was "[u]nder the influence of a controlled substance, unconscious when caught."[1] (*Id.*) Thereafter, the prosecution, Petitioner, and his counsel,

---

[1] In Michigan, a plea of *nolo contendere* has essentially the same effect on the criminal prosecution as does a plea of guilty:

all agreed that the trial court could use the incident report from the Michigan State Police to establish the factual basis for the plea. Accordingly, as recited by the trial court:

> [T]he Court would find from a review of the police incident report that the offense occurred on or about November 11th, 2009, here in Chippewa County in the Kinross Correctional Facility. And that Mr. Porter was an inmate of that facility and he was serving a term out of the 13th Circuit Court for Grand Traverse County, convicted on a felony. He was convicted on January 23, 2009. He was serving that sentence and judgment on the date in question here, November 11th, 2009. He was lawfully confined under the jurisdiction of the Michigan Department of Corrections. Also on that date an officer of the facility found a suspect substance in Mr. Porter's [p]ossession, it was on the bed, and Mr. Porter, at the time it was indicated that they were going to charge him with being in possession of contraband and he advised the officer the substance was heroin. It was given to him by another inmate in the facility. He knew it was heroin. However, the law report indicated that the substance was in fact determined to be heroin and that is satisfactory that Mr. Porter was in possession of contraband and the Court will accept the plea of no contest.

(Plea Tr. 9-10, PageID.204–205.) In order to establish his habitual offender status, Petitioner admitted he had been convicted of a felony on January 23, 2009, in Grand Traverse County. (Plea Tr. 10, PageID.205.)

Thereafter, Petitioner's sentencing was repeatedly postponed. The first sentencing date, August 12, 2010, was adjourned after Petitioner's counsel asked for more time to review the

---

> Since a plea of *nolo contendere* indicates that a defendant does not wish to contest his factual guilt, any claims or defenses which relate to the issue of factual guilt are waived by such a plea. Claims or defenses that challenge a state's capacity or ability to prove defendant's factual guilt become irrelevant upon, and are subsumed by, a plea of *nolo contendere*. Hence, we hold that a plea of *nolo contendere* has the same effect upon a defendant's ability to raise an issue on appeal as does a plea of guilty. Only those defenses which challenge the very authority of the state to prosecute a defendant may be raised on appeal after entry of a plea of *nolo contendere*.

*People v. New*, 398 N.W.2d 358, 363 (Mich. 1986) (footnotes omitted). Thus, a plea of *nolo contendere* waives a claim that the evidence of guilt is insufficient in the same way that a plea of guilty does. *See Post v. Bradshaw*, 621 F.3d 406, 426-27 (6th Cir. 2010) (stating that, "[b]y pleading no contest, Post waived any objection to the sufficiency of the evidence"); *United States v. Freed*, 688 F.2d 24, 25-26 (6th Cir. 1982) (stating that, "[l]ike a plea of guilty, a plea of nolo contendere constitutes a waiver of all so-called 'non-jurisdictional defects' or, more accurately, any claims not logically inconsistent with the issue of factual guilt, as well as the right to contest the factual merits of the charges against him").

presentence report. (8/12/10 Hr'g Tr. 3-4, PageID.210–211.) At the next hearing, Petitioner asked for new counsel. His then current counsel noted there was a breakdown in their relationship, and Petitioner also informed the trial court that he was considering withdrawing his plea. The court granted the request for new counsel. (9/2/10 Hr'g Tr. 3, PageID.215.) On September 16, 2010, Petitioner's new counsel moved to adjourn sentencing. Counsel stated he needed more time to review the case and make a motion to withdraw the guilty plea. The trial court also granted this request. (9/16/20 Hr'g Tr. 3-7, PageID.220–224.)

Petitioner subsequently moved to withdraw his plea. (10/26/2010 Mot. To Withdraw Plea, ECF No. 12-10, PageID.340–341.) On October 28, 2010, a hearing was held on the matter, at which time the trial court indicated that if Petitioner's motion was not granted, the matter of sentencing would also be taken up. At the hearing, however, Petitioner's counsel moved to adjourn the hearing as to both matters. Counsel stated that Petitioner had fallen down the stairs and hit his head earlier that day, and was unable to proceed. (10/28/10 H'rg Tr. 3, PageID.228.) The prosecution argued there was no medical proof that Petitioner was incapable of proceeding and, in fact, there was evidence that Petitioner's fall was a deliberate act to delay. (10/28/10 H'rg Tr. 4-5, PageID.229–230.) After hearing from both sides, the trial court denied the request to adjourn. (*Id.*) Moving to the motion to withdraw his plea, Petitioner, through counsel, stated that after he had pleaded no contest, another prisoner admitted throwing the packet of heroin onto Petitioner's bed while Petitioner was unconscious. Counsel argued such would raise a reasonable doubt as to whether Petitioner actually had possession of the heroin. (10/28/10 H'rg Tr. 6-7, PageID.231–232.) Petitioner also admitted he was unconscious because he was high. (10/28/10 H'rg Tr. 10, PageID.235.) The trial court denied Petitioner's motion, finding Petitioner's claims to be incredible.

(10/28/10 H'rg Tr. 11-12, PageID.236–237.) Proceeding to sentencing, the trial court sentenced Petitioner to a term in prison of 2 to 7 ½ years. (10/28/10 H'rg Tr. 24, PageID.249.)

Thereafter, in April and May of 2011, Petitioner filed pro se motions in the trial court to withdraw his plea and disqualify the trial court judge. (ECF No. 12-10, PageID.343–345, 441–442.) The trial court judge denied both motions in July and September of 2011. (ECF No. 12-10, PageID.333–334, 448–450.)

B.   **Direct Appeal**

Petitioner, through counsel, filed a delayed application for leave to appeal in the Michigan Court of Appeals asserting the following claims:

I.   [PETITIONER] IS ENTITLED TO PLEA WITHDRAWAL BASED ON HIS PRE-SENTENCE CLAIM OF INNOCENCE.

II.   [PETITIONER] IS ENTITLED TO RESENTENCING WHERE HIS CONDUCT DID NOT THREATEN THE SECURITY OF A PENAL INSTITUTION FOR PURPOSES OF SCORING TWENTY-FIVE POINTS UNDER OFFENSE VARIABLE 19 OF THE LEGISLATIVE SENTENCING GUIDELINES.

III.   [PETITIONER] IS ENTITLED TO RESENTENCING WHERE THE TRIAL COURT IMPROPERLY DENIED A DEFENSE REQUEST FOR ADJOURNMENT BASED ON MR. PORTER'S FALL DOWN A SET OF CEMENT STAIRS THE MORNING OF SENTENCING.

(Def.-Appellant's Br. On Appeal, 4-17, ECF No. 12-9, PageID.269–282.) The Michigan Court of Appeals denied Petitioner's application for leave to appeal for lack of merit in the grounds presented and denied Petitioner's request for reconsideration. (*See* 9/23/11 Mich. Ct. App. Order, ECF No. 12-9, PageID.253; 10/21/11 Mich Ct. App. Order, ECF No. 12-9, PageID.305.) Along with his delayed application, Petitioner also sought review of the trial court's denial of his motion to disqualify the judge. The Michigan Court of Appeals dismissed the claim, noting that these were

not "final orders in a criminal case that could be appealable of right." (1/25/12 Mich. Ct. App. Order, ECF No. 12-11, PageID.488.)

Petitioner did not separately appeal the latter order from the Court of Appeals to the Michigan Supreme Court. Rather, he appears to have added the issues raised from that appeal to his appeal from the Court of Appeal's denial of his first application. In his pro per brief to the Michigan Supreme Court, Petitioner asserted the following claims:

I.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION TO DISQUALIFY JUDGE, AND WHEN IT REFUSED TO REFER THE MOTION TO THE STATE COURT ADMINISTRATOR WHEN [A] REQUEST TO DO SO WAS MADE PURSUANT TO COURT RULES.

II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO ALLOW SHOWING OF PROOF THAT APPELLANT DID NOT WAIVE ATTORNEY IN PRIOR MISDEMENOR [SIC] BEING USED FOR PRV PURPOSES.

III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SCORED APPELLANT'S PRV 1 AT 25 POINTS, WHEN IN REALITY IT SHOULD HAVE SCORED PRV 1 A[T] 25 POINTS [ERROR IN ORIGINAL].

IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT USED A[N] UNCONSTITUTIONAL STATE MISDEMENOR [SIC] CONVICTION UNDER PRV 5.

V.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS WHEN IT DENIED HIS REQUEST TO WITHDRAW HIS PLEA OF NOLO CONTENDERE ON AN INNOCENCE CLAIM.

VI. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS WHEN IT ALLOWED THE PROSECUTION TO FACILITATE AN ILLUSORY BARGAIN, AND WHEN IT DENIED HIS MOTION FOR PLEA WITHDRAWAL/RE-SENTENCING WHEN IT WAS CLEAR

> THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION.

(Def.-Appellant's Pro Per Br. Appeal, ECF No.12-10, PageID.397–398.) The Michigan Supreme Court denied Petitioner's application for leave to appeal, stating that "we are not persuaded that the questions presented should be reviewed by this Court." (*See* 4/23/12 Mich. Order, ECF No. 12-10, PageID.308.)

### C. Post-conviction relief

On May 6, 2013, Petitioner filed in the trial court a motion for relief from judgement asserting the following claims:

> I. DEFENDANT IS ENTITLED TO RELIEF UNDER MCR 6.508(D) BECAUSE HE CAN SHOW "GOOD CAUSE" AND "ACTUAL PREJUDICE," OR A SIGNIFICANT POSSIBILITY THAT HE IS INNOCENT.
>
> II. COUNSEL WAS INEFFECTIVE FOR ADVISING DEFENDANT TO ACCEPT A PLEA OFFER BASED ON AN INCORRECT ASSESSMENT OF THE LAW THAT DEFENDANT STOOD NO CHANCE OF ACQUITTAL DUE TO A THEORY OF CONSTRUCTIVE POSSESSION.
>
> III. INFORMATION PRESENTED IN THE PRESENTENCE INVESTIGATION REPORT IS INACCURATE, IN VIOLATION OF STATUTE AND DUE PROCESS.
>
> IV. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE FOREGOING CLAIMS ON DIRECT APPEAL.

(5/6/13 Mot. For Relief from J., ECF No. 12-14, PageID.565–567.) The trial court denied Petitioner's motion on both procedural and substantive grounds. (8/2/13 Op. and Order of Dismissal of Mot. for Relief from J., ECF No.12-15, PageID.646–650.) Petitioner appealed the matter to both the Michigan Court of Appeals and the Michigan Supreme Court. Both courts denied Petitioner leave to appeal on the ground that Petitioner failed to establish entitlement to relief under Michigan

Court Rule 6.508(D).  (*See* 6/2/14 Mich. Ct. App. Order, ECF No. 12-16, PageID.651; 2/3/15 Mich. Order ECF No. 12-17, PageID.697.)  Petitioner initiated the present action on April 6, 2015.

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet."  *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655.  In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts.  *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court

announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. \_\_\_, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The

presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

**Discussion**

A. **Ineffective Assistance Claim**

Plaintiff asserts that his trial counsel was ineffective when advising him to accept a plea offer because, contrary to counsel's assertion that Petitioner stood no chance of acquittal, the evidence against him was weak.[2]

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also*

---

[2] Respondent correctly notes that Petitioner's ineffective assistance of trial counsel claim was raised for the first time in his motion for relief from judgment, rather than on direct appeal, as typically required by Michigan law. "If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention – whether in trial, appellate, or habeas proceedings, as state law may require – procedural default will bar federal review." *Magwood v. Patterson*, 561 U.S. 320, 340 (2010). Nevertheless, the U.S. Supreme Court has held that federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits. *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ( "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."), and *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997) (deciding against the petitioner on the merits even though the claim was procedurally defaulted)); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Petitioner argues that the ineffective assistance of appellate counsel serve as cause excusing his defaults. Where, as here, the procedural default issues raise more questions than the case on the merits, the Court will proceed to the merits of the claims without deciding the issues involved in the procedural defaults. *See Hudson*, 351 F.3d at 215-16; *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999).

*Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

Claims about the deprivation of constitutional rights that occur before the entry of a guilty (or nolo contendere) plea are generally foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). As the United States Supreme Court has explained,

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Consequently, a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings, including a claim of ineffective assistance of counsel that does not relate to the voluntariness of the plea. *See Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. Jul. 15, 2016) (citing *United States v. Stiger*, 20 F. App'x 307, 308–09 (6th Cir. 2001)). Petitioner's argument that his counsel failed to appropriately advise him as to the merits of the prosecution's case is not foreclosed by his plea because it goes to voluntariness. But it is simply not sustainable on the record.

Petitioner's claim of ineffective assistance is premised on Petitioner's erroneous assumption that there was insufficient evidence to demonstrate that he possessed heroin. Petitioner asserts that he could not possess the heroin because he was unconscious. Petitioner also claims that he informed his attorney that, contrary to the police report, he did not admit the items found on his bed were his. (Pet. Br. 21, PageID.21.)

Sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Here, the parties stipulated that the Court could use the police report as a basis for the plea, a portion of which contains Petitioner's admission that the substance was heroin and that he possessed it. (Plea Tr. 9-10, PageID.204–205.) Plaintiff's bare assertion that he told he told his counsel the police report is incorrect is insufficient to overcome the deference afforded the trial court's findings under AEDPA, 28 U.S.C. § 2254(e)(1). It is also contrary to his own statement at his plea hearing:

>THE COURT: You have no objection to the Court reviewing the Michigan Department of State Police incident report to establish the elements of this crime? That is satisfactory with you?
>
>THE DEFENDANT: Yes.

(Plea Tr. 9, PageID.204.) Given the weight of evidence against Petitioner, counsel's recommendation that Petitioner plead guilty did not fall below an objective standard of reasonableness; to the contrary, it was entirely reasonable.

Moreover, Petitioner has failed to establish that but for any alleged error by his counsel, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. To convict Petitioner of a charge under MICH. COMP. LAWS § 800.281(4), the prosecution needed only prove that Petitioner was a (1) a prisoner who (2) possessed a controlled substance. (*Id.*) There is no dispute that Petitioner was a prisoner. The only issue in this case is whether Petitioner possessed a controlled substance, namely heroin. Here, it is uncontroverted that heroin was found on Petitioner's bed. Petitioner's claim that he could not possess the substance because he was unconscious falls flat in light of his latter testimony under oath that he was unconscious because he had used heroin:

>THE COURT: You were passed out?
>
>THE DEFENDANT: I was passed out.
>
>THE COURT: Why were you passed out?
>
>THE DEFENDANT: Because I was high, that's the honest truth of the matter.

(10/28/10 H'rg Tr. 10, PageID.235.)

Finally, in support of the motion to withdraw the plea, Petitioner's counsel stated that Petitioner had learned that another prisoner admitted placing the heroin on Petitioner's bed while he

was unconscious. ((10/28/10 H'rg Tr. 6-7, PageID.231–232.) Petitioner then stated that he had "tried to give" the heroin back. He testified "I tried. I couldn't give it back. I tried. I couldn't. The only thing I had was in my body." (10/28/10 H'rg Tr. 11, PageID.236.)

But as the prosecution pointed out, this admission that heroin was in his body was an admission of use and, accordingly, also an admission of possession. Such a conclusion is not contrary to federal law or the Constitution. *See United States v. Blackston*, 940 F.2d 877, 891 (3d Cir. 1991). Accordingly, even if Petitioner is correct that another inmate threw a package of heroin in his bed, by Petitioner's own admissions, there was nonetheless heroin in his body and more than sufficient evidence to convict him under MICH. COMP. LAWS § 800.281(4).

In any event, the trial court rejected Petitioner's explanation concerning the other inmate, stating "the entire event doesn't ring true." (10/28/10 H'rg Tr. 11, PageID.236.) This conclusion is entitled to deference under AEDPA. 28 U.S.C. § 2254(d) as it does not run contrary to, or involve an unreasonable application of clearly established Federal law, nor result from a decision that was based on an unreasonable determination of the facts.

Under these circumstances – one in which not only had Petitioner admitted possessing heroin, but also using it – counsel's advice that Petitioner take the plea falls within the wide range of professionally competent assistance that is not unreasonable. By agreeing to plead no contest Petitioner avoided a sentence that undoubtedly would have been far longer after accounting for the additional weapons possession and fourth habitual offender charges. Petitioner cannot show a reasonable probability he would have proceeded to trial. In sum, Petitioner has failed to meet his burden with regard to the ineffective assistance of counsel claim.

### B. Actual Innocence Claim.

Petitioner's claim of actual innocence fails to state a cognizable federal claim. In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court stated: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." But the *Herrera* Court did not close the door completely, stating in dicta: "[I]n a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Id.* at 417. Thus, even without the occurrence of any independent constitutional violation during the state criminal proceeding, federal habeas relief might be warranted for "truly persuasive demonstration of actual innocence," provided: (1) the habeas petition seeks relief in a capital case, in which case such a demonstration of actual innocence "would render the execution of a defendant unconstitutional"; and (2) there is "no state avenue open to process such a claim." *Id.* The Supreme Court emphasized that "the threshold showing for such an assumed right would necessarily be extraordinarily high." *Id.*; *see also House v. Bell*, 547 U.S. 518, 555 (2006) ("In *Herrera*, however, the Court described the threshold for any hypothetical freestanding innocence claim as 'extraordinarily high.'"); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007).

Two years after *Herrera,* the Supreme Court held that a claim of actual innocence can be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually

innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). In *Schlup*, the Supreme Court held that a credible showing of actual innocence was sufficient to enable a court to reach the merits of an otherwise procedurally barred habeas petition. *Schlup*, 513 U.S. at 317. The actual innocence claim in *Schlup* is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 315 (citing *Herrera*, 506 U.S. at 404). Thus, the Supreme Court distinguished between a procedural innocence claim, which can permit a petitioner to overcome procedural obstacles that would otherwise preclude review of underlying constitutional claims, and a substantive or "free-standing" claim of innocence discussed in *Herrera*.

This Court may grant habeas corpus relief only when the state court has violated or unreasonably applied a clearly established holding of the Supreme Court. *See* 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412. In the absence of clearly established Supreme Court precedent establishing a free-standing claim of actual innocence, Petitioner's claim is without merit. The Sixth Circuit repeatedly has held that free-standing claims of actual innocence are not cognizable on habeas corpus review. *See Cress*, 484 F.3d at 854 (citing cases). Even if Petitioner could invoke this exception and obtain habeas relief on his freestanding innocence claim, he would have to meet both of the requirements set forth above and then overcome the "extraordinarily high" threshold. Petitioner fails the first requirement. This is not a capital case, and thus, the concern about the unconstitutionality of executing a defendant who has shown persuasive evidence of actual innocence is not implicated. *See Herrera*, 506 U.S. at 417 ("We first point out the obvious - that this is not,

in fact, a capital case."). Petitioner, therefore, cannot obtain habeas corpus relief on his freestanding claim of actual innocence.

## **Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied. I further recommend that a certificate of appealability be denied. See *Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: May 4, 2017                            /s/ Ray Kent
                                              RAY KENT
                                              United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).